# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 7 |
| **LARRY R. SCHROEDER,** | CASE No. 19-BK-29498 |
| DEBTOR. | HON. JACK B. SCHMETTERER |
| **PATRICK S. LAYNG,**<br>**UNITED STATES TRUSTEE,** | |
| PLAINTIFF, | ADV. No. 20-AP-00150 |
| V. | |
| **RUSSELL JAMES STEWART,** AND<br>**MICHELLE M. MIGASI,** | |
| DEFENDANTS. | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW
## IN SUPPORT OF DEFAULT JUDGMENT

On the Motion of Patrick S. Layng, the United States Trustee for the Northern District of Illinois (the "*U.S. Trustee*" or the "*Plaintiff*") for Default Order and Judgment against Russell James Stewart ("*Stewart*") and Michelle M. Migasi ("*Migasi*," and collectively the "*Defendants*") and after a hearing held thereon, the Court hereby makes and enters the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

**I.    Plaintiff - The U.S. Trustee.**

1.    Plaintiff, Patrick S. Layng, is the duly appointed United States Trustee for the Northern District of Illinois and is charged with supervising the administration of bankruptcy cases pursuant to 28 U.S.C. § 586. The U.S. Trustee maintains his principal place of business at 219 S. Dearborn St., Room 873, Chicago, Illinois, within this district.

**II.    Defendant - Attorney Russell James Stewart.**

2.    At all relevant times defendant Stewart has resided within this district.

3.    Stewart is an Illinois licensed attorney. However, he holds himself out to be retired from the practice of law. *See* Complaint, Dkt. No. 1, ¶ 3. Although Stewart is licensed to practice in the State of Illinois, he was suspended from the practice in 2015, and remains suspended from practicing before the U.S. District Court for the Northern District of Illinois, and before this Court. *See id.* at ¶¶ 5-12. Therefore, Stewart was not authorized to practice law before this Court when he filed the underlying bankruptcy case in 2019, and a number of other bankruptcy cases in this district. *See id.,* at ¶ 13.

4.    Stewart is a "debt relief agency" because he is a person that provides bankruptcy assistance to assisted persons in return for payment of money or other valuable consideration. *See* 11 U.S.C. § 101(12A). *See id.,* at ¶ 4.

**III.    Defendant – Michelle Migasi.**

5.    At all relevant times defendant Migasi has resided within this district. *See* Complaint, Dkt. No. 1, ¶¶ 14-16.

2

6. Migasi purports to be a paralegal for attorney Stewart through one of two similarly named corporations that she owns or controls — Express Legal Corporation and Legal Express Inc. *See id.* at ¶¶ 18-22. Joann Kitching a/k/a Joann Migasi ("*Kitching*") is the president of Express Legal Corporation, and her address is the same as Migasi's address. *Id.* It appears that Kitching is Migasi's mother or they are otherwise related. *See id.* at ¶ 21 Neither Migasi nor Kitching are attorneys. *See id.* Stewart is the registered agent for Express Legal Corporation. *See id.,* at ¶ 20.

7. While Migasi asserts that she is a paralegal for Stewart, it appears that she does the vast majority of the legal consulting with the clients and prepares the paperwork for filing in the bankruptcy cases filed with Stewart's attorney credentials. *See id.,* ¶¶ 23-28. Migasi also appears on behalf of debtors from time to time at 341 meetings creating and maintaining the perception that she is an attorney at the meetings. *See id.,* at ¶ 25.

8. It also appears that Stewart does not directly supervise Migasi in these cases. *See id.,* at ¶¶26-28. Therefore, Migasi is acting as a bankruptcy petition preparer under 11 U.S.C. § 110(a)(1). Migasi is also a debt relief agency that has provided bankruptcy assistance to an assisted person as defined by 11 U.S.C. § 101(12A).

## IV. Background

9. The underlying chapter 7 bankruptcy case was initiated by Larry R. Schroeder (the "Debtor" or "Schroeder"), on October 16, 2019. See id., at ¶ 31.

10. Plaintiff, the U.S. Trustee, filed a 34-page complaint against the Defendants on April 17, 2020. *See* Complaint, Dkt. No. 1.

11.   Defendant Migasi gained experience in bankruptcy by filing her own personal cases. *See id.*, at ¶ 42.

12.   On July 23, 2015, Migasi filed a chapter 7 bankruptcy petition in this district, initiating case no. 15-bk-25107. *See id.* at ¶ 43. That case was filed with Stewart's CM/ECF account and credentials and the docket reflects that Stewart was Migasi's attorney in the case. *See id.* at ¶ 44. The required documents in that case were deficient for several reasons, and Migasi eventually filed a motion to nullify and withdraw the bankruptcy petition asserting that it was filed by mistake. *See id.* at ¶¶ 45, 46. The Court dismissed the case. *See id.* at ¶ 47.

13.   Migasi was purportedly represented by Stewart throughout this bankruptcy case. However, a review of the docket shows that the person drafting and filing the documents in that case lacked even a minimal level of competence to assist or aid with bankruptcy filings and was unlikely an attorney. *See id.* at ¶ 48.

14.   A couple of months later, on October 22, 2015, Migasi filed her second bankruptcy petition of 2015, initiating case number 15-bk-35880. *See id.* at ¶ 49. Migasi filed this case *pro se*, and it too was dismissed voluntarily due to a number of deficiencies. *See id.*, at ¶¶ 50-52. Migasi did not receive a discharge in either of these cases and they show that they were filed by a person the lacked even a minimal level of competence to assist or aid with bankruptcy filings. *See id.*, at ¶¶ 52-53.

15.   Migasi acted as a bankruptcy petition preparer in the underlying bankruptcy case 19-bk-29498, and in several other cases filed in this district. *See id.*, at ¶ 54. It

appears that Migasi did most or all of the legal counsel in these cases but filed them

with this Court under Stewart's credentials. *See id.,* at ¶ 55.

16.    It appears that Stewart abdicated his attorney responsibilities to Migasi in

in many bankruptcy cases, including the following: (1) *In re Cvorak* (15-bk-32834); (2)

*In re Baratti* (17-bk-29616); (3) *In re Schroeder* (18-bk-18802); and *In re Schroeder*

(19-bk-29498). *See id.,* at ¶¶56-136. It further appears that Stewart did not directly

supervise Migasi in preparing and filing documents in these bankruptcy cases. *See*

*id.* Migasi also regularly provided clients with both substantive and procedural legal

advice without Stewart's supervision. *See id.* It also appears that Stewart played little

or no role in the practice of law in these cases, other than to collect a fee from Migasi

for allowing her to use his attorney credentials. *See id.*

17.    The U.S. Trustee has filed a Motion for Default and Default Judgment.

18.    On April 17, 2020, the U.S. Trustee filed its certificate of service showing that

it had properly served both Defendants in this adversary proceeding. *See* Cert. of

Service, Dkt. Nos. 3, 4.

19.    Neither Defendant has properly answered the Complaint or otherwise

pled. Each were found in default after two faulty answers were dismissed.

20.    It therefore appears that the U.S. Trustee is entitled to a Default order and

Default Judgment against both Defendants.

## CONCLUSIONS OF LAW

21.    This Court has jurisdiction to hear and determine this adversary proceeding

pursuant to 28 U.S.C. § 157 and IOP 15(a) and LR 40.3.1 of the United States District

Court for the Northern District of Illinois.

22.   This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and in the event this is a non-core proceeding, the Plaintiff consents the to the entry of a final order by the bankruptcy court.

23.   Venue of this proceeding is proper in this Court pursuant to 28 U.S.C. § 1409(a).

24.   The Plaintiff filed the Complaint pursuant to 11 U.S.C. §§ 105, 110, and 526 and Fed. R. Bankr. P. 7001 and 7065.

25.   The Plaintiff has standing to bring the Complaint and ask for the relief requested therein pursuant to 11 U.S.C. §§ 105, 110, 307, 329 and 526. The relief sought in the Complaint and the Defendants were properly joined under Fed. R. Civ. P. 18(a) and 20(a)(2), made applicable to this proceeding by Fed. R. Bankr. P. 7018 and 7020.

I.   **Count I – Injunctions Barring Stewart From Any Further Cases Under 11 U.S.C. § 105.**

26.   Pursuant to § 105, the Court has to the authority to issue any orders and judgments necessary or appropriate to carry out the provisions of the Bankruptcy Code.

27.   This Court also has the inherent authority to regulate the practice of law by attorneys appearing before it.

28.   Stewart is an attorney licensed in the State of Illinois but is still suspended by the District Court for the Northern District of Illinois.

29.   Pursuant to this Court's local rules, Stewart is prohibited from appearing before this Court while suspended by the District Court.

30. Therefore, Stewart is enjoined from filing any documents in this Court or further appearing in this Court until he is fully reinstated by the District Court of the Northern District of Illinois.

## II.  Count II – Stewart Shall Disgorge All His Fees Under 11 U.S.C. § 329.

31. Pursuant to § 329, the Court may order the disgorgement of all fees paid to an attorney to the extent those fees exceed the reasonable value of that compensation.

32. Stewart was not authorized to practice before this Court when both the underlying Debtor's cases were filed and when the Baratti case was filed.

33. It appears that Stewart did little to no work for the fees that he received from debtors Schroeder, Cvorak, Baratti, and likely any other debtor where he acted as the nominal attorney for the bankruptcy debtor.

34. Instead, it appears that Migasi did the vast majority of the legal counseling and paperwork that an attorney should be doing in all of these bankruptcy cases as a bankruptcy petition preparer.

35. Stewart failed to appear at the 341 meeting of creditors in both of Schroeder's cases, and only appeared at the continued meeting after the trustee refused to hold the meeting with Migasi appearing for Schroeder, and after receiving an additional, undisclosed, $500.

36. Stewart also failed to appear at the 341 meeting of creditors in the Cvorak and Baratti cases, instead abdicating to Migasi, a non-lawyer, to appear for the debtors in those cases.

37.  Schroeder bargained for an attorney to represent them in his bankruptcy cases and did not receive that.

38.  Based upon the conduct described in the Complaint, Stewart is required to disgorge all fees he has received from the debtors Schroeder.

39.  Therefore, Stewart is ordered to disgorge to Larry Schroeder $2,250 pursuant to 11 U.S.C. § 329.

**III.   Count III – Fines Against Migasi for Violations of 11 U.S.C. 110(e)(2).**

40.  Section 110(e)(2) of the Bankruptcy Code prohibits a bankruptcy petition preparer from offering any legal advice, including, but not limited to, the characterization of  the nature of the Debtor's interest in property (11 U.S.C. § 110(e)(2)(B)(vi)); characterization of the nature of the Debtor's debt (11 U.S.C. § 110(e)(2)(B)(vi)); and "bankruptcy procedures and right." (11 U.S.C. § 110(e)(2)(B)(vii)).

41.  Migasi violated 11 U.S.C. § 110(e)(2) by providing substantive and procedural legal advice to the debtors Schroeder, Cvorak, and Baratti, and likely others.

42.  It appears that Migasi has provided legal advice to one or more individuals, including Schroeder, with respect to:

a.   whether to file a petition for bankruptcy;
b.   whether to file under chapter 7, as opposed to another chapter;
c.   whether the debtor will be able retain their home or other assets after the bankruptcy;
d.   whether the debtor should repay dischargeable debts or enter into a reaffirmation agreement; and
e.   how to characterize the nature of debts and interests in property on the schedules.

43. Migasi's conduct constitutes advice concerning bankruptcy procedures and rights in violation of 11 U.S.C. § 110(e)(2)(B).

44. It also appears that Migasi also provided significant legal advice to one or more individuals, including Schroeder, in completing their schedules and statement of financial affairs, including advice on:

    a.    the difference between secured and unsecured debt;

    b.    where to list the creditors on the schedules, and ultimately making that determination;

    c.    which exemptions could be used and provided the Illinois statutes for those exemptions;

    d.    the value of property to be listed; and

    e.    whether expenses were to be included on Schedule J.

45. Migasi's conduct constitutes advice concerning bankruptcy procedures and rights in violation of 11 U.S.C. § 110(e)(2)(B).

46. It further appears that Migasi provided advice as to bankruptcy procedure by instructing one or more debtors to appear at the 341 meeting of creditors. She also appeared on behalf of those debtors at the 341 meetings, when she was not an attorney.

47. It appears that Migasi provided advice as to bankruptcy procedures by instructing one or more debtors to complete the credit counseling course, and the post-petition financial management course.

48. Migasi's conduct constitutes advice concerning bankruptcy procedures and rights in violation of 11 U.S.C. § 110(e)(2)(B)(vii).

49.   Pursuant to 11 U.S.C. § 110(l)(1), a court may fine a bankruptcy petition preparer up to $500.00 for each violation of subsections (b), (c), (e), (f), (g), or (h) of § 110.

50.   In this case, Migasi furnished legal advice to one or more debtors on several occasions. This Court has the authority to impose a fine of up to $500 for each of these violations pursuant to § 110(l)(1) payable to the United States Trustee.

51.   Migasi violated 11 U.S.C. § 110 on no less than six occasions, and therefore a fine of $3,000 is imposed against Migasi payable to the United States Trustee.

## IV.   Count IV – Fee Disgorgement Against Migasi for Violations Under 11 U.S.C. § 110(h)(2).

52. Section 110(h)(2) provides, in pertinent part, that a bankruptcy petition preparer shall file a declaration disclosing "**any** fee received from or on behalf of the debtor within 12 months immediately prior to the filing of the case, and any unpaid fee charged to the debtor."

53.   Section 110(h)(3)(B) provides that all fees charged by a bankruptcy petition preparer may be forfeited in any case in which the bankruptcy preparer fails to comply with this subsection or subsection (b), (c), (d), (e), (f), or (g).

54.   Migasi violated 11 U.S.C. § 110(h)(2) by failing to disclose *all* fees received in connection with the Debtor's bankruptcy filing. Further, Migasi violated 11 U.S.C. § 110(e)(2).

55.   Therefore, Migasi is ordered to disgorge all fees she obtained from the Larry Schroeder case.

## V.   Count V – Migasi is Enjoined from Acting as a Bankruptcy Petition Preparer.

56.   Section 110(j)(2)(B) provides that a court may permanently enjoin an individual from acting as a bankruptcy petition preparer if that individual has continually engaged in conduct violative of 11 U.S.C. § 110 or engaged in fraudulent, unfair, and deceptive conduct within the meaning of 11 U.S.C. § 110(j)(2)(A).

57.   It appears that Migasi has continually violated 11 U.S.C. § 110.

58.   Therefore it is ordered that Migasi is barred permanently from acting as a bankruptcy petition preparer or in any way other way from aiding or assisting in the bankruptcy process pursuant to 11 U.S.C. § 110(j)(2)(B) and § 105(a).

## VI.   Count VI – Both Defendants are Enjoined and Civil Penalties Imposed Under 11 U.S.C. § 526(c)(5).

59.   Among the explicitly enumerated prohibitions of § 526 is the following:

(a) A debt relief agency shall not... (2) make any statement, or counsel or advise any assisted person or prospective assisted person to make a statement in a document filed in a case or proceeding under this title, that is untrue or misleading, or that upon the exercise of reasonable care, should have been known by such agency to be untrue or misleading...

60.   That section also provides:

(a) A debt relief agency shall not... (3) misrepresent to any assisted person or prospective assisted person, directly or indirectly, affirmatively or by material omission, with respect to – (A) the services that such agency will provide to such person; or (B) the benefits and risks that may result if such person becomes a debtor in a case under this title...

61.   The U.S. Trustee is expressly provided authority to enforce § 526, and thereby §§ 527 and 528 through § 526(c)(5), which provides in pertinent part that if in an action by the "United States Trustee [the Court] finds that a  person

intentionally violated this section, or engaged in a clear and consistent pattern or practice of violating this section, the court may — (A) enjoin the violation of such section; or (B) impose an appropriate civil penalty against such person." 11 U.S.C. § 526(c)(5).

62.   Both Defendants have engaged in a clear and consistent pattern or practice of violating § 526, as well as § 528.

63.   The Defendants are permanently enjoined from any further violation of §§ 526, 527, or 528 of the Bankruptcy Code.

64.   For the violations alleged and undisputed in the Complaint, a civil penalty is imposed against each Defendant severally in the amount of $5,000.

## SEPARATE JUDGMENT

65. A separate Judgment consistent with these Findings of Fact and Conclusions of Law will be entered contemporaneously herewith.

ENTER:

Jack B. Schmetterer
U.S. Bankruptcy Judge

Dated: 1/19/21

JAN 1 9 2021