**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

In re:

LARRY R. SCHROEDER,

Debtor.

PATRICK S. LAYNG,

UNITED STATES TRUSTEE,

Plaintiff.

v.

RUSSELL J. STEWART AND

MICHELLE M. MIGASI,

Defendants.

Chapter 7
Bankruptcy No. 19-29498
Honorable Judge Jack B. Schmetterer

Adversary No. 20-00150

**MEMORANDUM OPINION ON**
**DEFENDANTS' MOTIONS TO VACATE [DKT. NOS. 68 & 70]**

Defendant Russell J. Stewart ("Stewart") and Defendant Michelle M. Migasi ("Migasi") now move to vacate the Order of Default [Dkt No. 49] and Judgment Orders [Dkt. Nos. 54 & 56]. For reasons stated herein, Defendants' (Second) Motions to Vacate will be **DENIED** by separate order to be entered concurrently herewith.

**BACKGROUND**

Plaintiff Patrick S. Layng, United States Trustee (the "UST") filed the present adversary on April 17, 2020 [Dkt. No. 1]. On the same date, summons were served on the Defendants by regular, first class mail. [Dkt. No. 5]. Under Bankruptcy Rule 7012, answers were due by May 20, 2020. *See* Fed. R. Bankr. P. 7012(a) (requiring answers being served within 30 days after the issuance of the summons). None were filed by that date.

By request of the UST, status on this matter was continued multiple times to allow for Defendants to appear. Ultimately, upon Defendants' continued failure to do so, on July 24, 2020, the UST filed a Motion for Default and Default Judgment (the "Motion for Default Judgment"). [Dkt. No. 9]. On August 3, 2020, Defendant Stewart filed "Motion[s] of Objection to Notice of

Motion and Motion to Strike Motion for Default" on behalf of himself and Defendant Migasi.[1] [Dkt. Nos. 10 & 11].

On August 4, 2020, by agreement of the parties, a scheduling order was entered granting Defendants until September 18, 2020 to answer or otherwise plead. [Dkt. No. 12]. On September 18, 2020, Defendant Stewart filed "Answers" on behalf of himself and Defendant Migasi.[2] [Dkt. Nos. 15 & 16]. In response to the UST's thirty-four (34) page Complaint, the "Demurrer and Answer[s]" consisted of only a single-page document that responded that Defendants "possesses insufficient information to answer or deny, demands strict proof thereof, and makes a general Demurrer." *Id.*

On September 22, 2020, based on Defendants' failures to file a proper Answer in accordance with the Federal Rules and the Local Rules, the Court issued an order *sua sponte* setting the UST's Motion for Default Judgment for ruling on October 27, 2020. [Dkt. No. 20].

On October 8, 2020, the UST filed a "Motion to Deem All Alegations [*sic*] Admitted or Alternatively Strike Defendants' 'Demurrer and Answer'" (the "First Motion to Strike"). [Dkt. No. 21]. In the UST's First Motion to Strike, the UST sought to deem the allegations of the Complaint admitted by both Defendants under Federal Civil Procedure Rule 8(b), or in the alternative, to strike the "Answers" under Federal Civil Procedure Rule 12(f). At the hearing held on the UST's First Motion to Strike, orders were entered striking Defendants' "Demurrer and Answer[s]" and ordering Defendants to file proper Answers in accordance with the Federal Rules and the Local Rules. [Dkt. Nos. 24 & 33]. In those orders, the Court explicitly warned Defendants specifically that "[s]hould a proper Answer not be on file by [November 24, 2020], default judgment will be entered then." *Id.*

On November 24, 2020, Defendant Stewart filed an Answer (the "First Amended Answer"). [Dkt. No. 27]. No answer by Defendant Migasi was filed.[3] On December 8, 2020, the

---

[1] Pursuant to Local Bankruptcy Rule 2090-5(A)(1), by filing a document on behalf of Defendant Migasi, Defendant Stewart appeared in this case as her attorney, despite being currently suspended by the District Court (and therefore also not authorized to practice before this Court). *See* ARDC website on attorney Russel James Stewart, available at: https://www.iardc.org/lawyersearch_Expand.asp (last visited Mar. 31, 2021); Local Bankruptcy Rule 2090-1(A). The fact that Defendant Stewart was practicing before this Court while suspended was one of the actions the UST expressly complained of in his Complaint. But Defendant Stewart continues to do so in this very case.

[2] By filing the "Demurrer and Answer" for Defendant Migasi, Defendant Stewart again appeared for Defendant Migasi and again practiced law before this Court while under suspension. *See* Local Bankruptcy Rule 2090-5(A)(1).

[3] Rather, the UST informed the Court that Defendant Migasi emailed a document titled "Answer to Complaint" to the UST instead of filing the document.

UST filed a "Motion to Strike Defendants' Answers and to Rule on Motion for Default and Default Judgment" (the "Second Motion to Strike"). [Dkt. No. 31]. In the UST's Second Motion to Strike, the UST sought to strike the Defendants' first Amended Answers as again improper under the Federal Rules and Local Rules (to the extent they were filed). *Id.*

On December 15, 2020, an order was entered enjoining Defendant Stewart from practicing law while suspended by the District Court. [Dkt. No. 39]. Also, on the same date, a scheduling order was entered setting briefs on the UST's Second Motion to Strike. [Dkt. No. 38]. Under that order, Defendants were to file responses by December 29, 2020, the UST to file a reply, if any, by January 5, 2021, and status was set for January 26, 2021. *Id.* No responses were ever filed by Defendants. Rather, on December 30, 2020, Defendants filed, without leave of court, Second Amended Answers. [Dkt. Nos. 41 & 44]. On January 5, 2021, the UST filed a reply, arguing that no leave was given to file such answers and that the Second Amended Answers again do not comply with the Local Rules and Federal Rules and should therefore be stricken as well. On January 14, 2021, the Court entered orders granting the UST's Second Motion to Strike and entered default judgment against Defendants. [Dkt. Nos. 48-57].

On January 25, 2021, Defendants filed "[Replies] to the [Second Motion to Strike] and for Leave to File Second Amended Answer Instanter."[4] [Dkt. Nos. 58 & 60]. On the same date, Defendant Stewart filed a Motion to Vacate set for presentment on the very next day (the "First Motion to Vacate"). [Dkt. No. 61]. Despite the fact that the Motion to Vacate was improper,[5] the Court still considered the Motion to Vacate. Ultimately, because the First Motion to Vacate provided no basis for vacating the default judgment, at the hearing held on January 26, 2021, the motion was denied, and Defendants were informed that the default judgment would stand unless a proper basis for challenging the judgment was provided.

On February 15, 2021, Defendants filed the present Motions to Vacate (the "Second Motions to Vacate"). A scheduling order for briefs was entered on February 16, 2021. [Dkt. No. 77]. On March 2, 2021, the UST filed a response to the Second Motion to Vacate. [Dkt. No. 77]. On March 15, 2021, Defendants filed replies. [Dkt. Nos. 78 & 80].

---

[4] These "replies," while reading half like a motion and half like a response to the UST's arguments, were not motions; no notice of motion was attached, a hearing was not set, and no proposed orders were attached.

[5] It was not served at least seven days before the date of presentment and the notice of motion did not use the proper form.

## JURISDICTION AND VENUE

Subject matter jurisdiction lies under 28 U.S.C. § 1334. The district court may refer cases arising under title 11 to a bankruptcy judge under 28 U.S.C. § 157, and this matter is referred here by District Court Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. Venue lies under 28 U.S.C. § 1409. This is a core proceeding under 28 U.S.C. §§ 157(b). The Complaint is based on Section 110, 329, and 526 of the Bankruptcy Code. As such, these actions are unequivocally bankruptcy causes of action.

## DISCUSSION

### A. The Standard for a Rule 60(b) Motion

Defendants move under Rule 60(b)(1), (3), and (6) to vacate the default judgment. Rule 60 provides in relevant part:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1), (3), and (6). Rule 60(b) is an extraordinary remedy "designed to address mistakes attributable to special circumstances and not merely to erroneous applications of law." *3SM Realty & Dev., Inc. v. F.D.I.C.*, 393 F. App'x 381, 384 (7th Cir. 2010) (quoting *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995)). Relief under Rule 60(b) may be granted only "under the particular circumstances listed in the text of the rule." *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995).

### B. The Second Motions to Vacate Provide No Basis to Vacate Default Judgment

Defendants have failed to meet their burden to demonstrate entitlement to the extraordinary remedy that is Rule 60(b) relief. Conclusory statements that Rule 60(b) has been met will not suffice. Motions for relief from judgment "must be shaped to the specific grounds for modification or reversal listed in Rule 60(b) – they cannot be general pleas for relief." *United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992). In the Second Motions to Vacate, Defendants cite to Rule

4

60(b)(1), (3), and (6) as the basis for vacating default judgment.[6] But, Defendants have not articulated *any* legal arguments as to those subsections nor have they provided any support to case law demonstrating the applicability of those subsections.[7]

1. Rule 60(b)(1) – Mistake, Inadvertence, Surprise, or Excusable Neglect

Under Rule 60(b)(1), relief from a judgment may be granted for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Although Defendants cite this subsection, Defendants fail to make any argument as to why it applies. Defendants' complete lack of development of this argument is sufficient to find waiver. *See United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991) ("perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived"). Defendants make no reference to what the supposed mistake, inadvertence, surprise, or excusable neglect is. Because none were identified, any arguments thereto are waived.

Even on the merits, no mistake, inadvertence, surprise, or excusable neglect exists. The Court cannot identify any mistake or inadvertence in granting default judgment. Defendants' original one-page, "Demurrer and Answer" were struck as improper.[8] Defendants were given leave to file amended answers and were explicitly warned that failure to file proper answers in compliance with the Local Rules and the Federal Rules would result in a ruling on the UST's Motion for Default Judgment. Despite being so notified (and explained in the UST's First Motion to Strike what exactly was improper), Defendants again filed improper answers.[9] Then, after the UST filed the Second Motion to Strike, the Court set a briefing schedule on the motion. Despite being ordered to file a response, Defendants failed to do so. Rather, Defendants filed, without leave, Second Amended Answers (which still did not comply with the Federal Rules).[10] Because Defendants did not request, and were not provided, leave to file amended answers, their Second

---

[6] As with all of Defendants' motions, the Second Motions to Vacate are riddled with errors. *See* Local Bankruptcy Rules 5005-3(C)(2) and 9013-1(C).

[7] Rather, as discussed *infra*, Defendants' sole argument relates to Rule 60(b)(4).

[8] The errors include, *inter alia*: a failure to recite allegations before setting forth the answer or reply, the usage of a "general demurrer" which does not exist in the Federal Rules, improper assertions of insufficient information to answer or deny and general denial as to every single allegation in violation of Rule 8, and demands of "strict proof." *See* Local Bankruptcy Rule 5005-3(A); Fed. R. Civ. 8(b)(3), (5); *Gilbert v. Johnston*, 127 F.R.D. 145, 146 (N.D. Ill. 1989) (noting that references to "strict proof" find no support in the Federal Rules).

[9] Only Defendant Stewart filed an amended answer. Defendant Migasi never filed an amended answer. The UST informed the Court that Defendant Migasi emailed a document titled "Answer to Complaint" to the UST instead of filing it.

[10] The Second Amended Answers again do not comply with Rule 8(b) requirements.

5

Amended Answers are not allowed. *See* Fed. R. Civ. P. 15(a)(2) (requiring opposing party's written consent or court's leave for certain amendments). Therefore, upon the Defendants' default to respond to the UST's Second Motion to Strike, it was proper for the Court to grant the UST's unopposed motion and proceed to default judgment. *Cf. Easley v. Kirmsee*, 382 F.3d 693, 698 (7th Cir. 2004) ("a trial court has an obligation to control and manage its own docket"); *Aura Lamp & Lighting, Inc. v. Int'l Trading Corp.*, 325 F.3d 903, 909–10 (7th Cir.2003) (holding that the power to control a court's docket is vested in the reasonable discretion of the trial judge).

To the extent Defendants assert some neglect, this Court cannot identify any neglect that is "excusable." "The ordinary meaning of 'neglect' is 'to give little attention or respect' to a matter, or, closer to the point for our purposes, 'to leave undone or unattended to *especially through carelessness.*'" *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993) (emphasis in original). The determination of whether neglect is excusable is "an equitable one, taking account of all relevant circumstances." *Moje v. Fed. Hockey League, LLC*, 792 F.3d 756, 759 (7th Cir. 2015) (quoting *Pioneer*, 507 U.S. at 395). Excusable neglect "requires something more compelling than ordinary lapses of diligence or simple neglect to justify disturbing [a] default judgment." *Delgado v. I.C. Sys., Inc.*, No. 17-CV-04918, 2020 WL 5253686, at *2 (N.D. Ill. Sept. 3, 2020) (quoting *Jones v. Phipps*, 39 F.3d 158, 162 (7th Cir. 1994)).

It is correct that Defendants' continued procedural and substantive errors could be construed as neglect that led to the entering of the Default Judgment. However, none of it is excusable. The Court's orders regarding deadlines and requirements were clear and straightforward. The Court's orders were neither ambiguous nor confusing, and there was nothing contradictory in the orders that would or should cause a diligent, conscientious, individual, even a *pro-se* one, to misinterpret, much less be misled by the Court's directives. Given that the parties are *pro se* (despite the fact that Defendant Stewart is an attorney and Defendant Migasi is a paralegal), the Court gave Defendants multiple extensions to file late answers and correct errors and warned that continued noncompliance would result in a default judgment. Despite such leniency, Defendants failed to have a proper answer on file even nine months after this case was filed. Ultimately, their failure to respond to the UST's Second Motion to Strike was fatal.

Defendants' conduct can only be attributed to either a complete disregard for the requirements of federal practice, or a substantial lack of understanding thereto. But, "inadvertence, ignorance of the rules, or mistakes construing the rules are not ordinarily recognized as forms of

6

excusable neglect, and negligent handling of a case, by itself, will not excuse untimely behavior or satisfy the showing required by Rule 60(b)[.]" *Casio Comput. Co. v. Noren*, 35 F. App'x 247, 250 (7th Cir. 2002) (internal citations omitted). The "inability or refusal to read and follow the Federal Rules' plain language certainly does not rise to the level of excusable neglect." *Id.* This is so even for pro-se parties, who "are entitled to a limited degree of procedural protections as provided by statutes and case law, but they are not entitled to claim complete dispensation of procedural rules." *Id.* As members of the legal profession, Defendants had much less reason to fail to follow the requirements of the Federal Rules and Local Rules.

As such, Defendants' actions can only be classified as inexcusable inattentiveness or carelessness rather than excusable neglect. Because carelessness is not a basis for relief under Rule 60(b)(1), and because Defendants waived any arguments on this ground, relief under this subsection is not appropriate.

### 2. Rule 60(b)(3) – Fraud, Misrepresentation, or Misconduct

Rule 60(b)(3) states that relief from a judgment may be granted for "fraud . . . misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). Defendants fail to identify any such fraud, misrepresentation, or misconduct by the UST. Because no explanation, support or relevant authority is provided, this argument is also waived. *United States v. Elst*, 579 F.3d 740, 747 (7th Cir. 2009).

Even on the merits, Defendants fail to meet their burden. Rule 60(b)(3) is an extraordinary remedy reserved for exceptional circumstances. *Venson v. Altamirano*, 749 F.3d 641, 651 (7th Cir. 2014). "A party seeking to set aside a judgment under Rule 60(b)(3) or the court's inherent power must prove fraud by clear and convincing evidence." *Wickens v. Shell Oil Co.*, 620 F.3d 747, 759 (7th Cir. 2010). Defendants have not met the standard because they have not shown any such evidence.

### 3. Rule 60(b)(4) – Judgment is Void

Defendants appear to assert that default judgment should be vacated because they were entered in violation of their due process rights. Specifically, Defendants complain that default judgment were entered "with no prior notice or schedules court date, and without parties/Defendants being present." [*See* Dkt. Nos. 68, 70].

However, this argument has no relation to Defendants' cited Rule 60(b)(1), (3), or (6), but rather Rule 60(b)(4), a subsection which Defendants have not cited. Rule 60(b)(4) applies "only

7

in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271, 130 S.Ct. 1367, 176 L.Ed.2d 158 (2010).

But, Defendants provide no argument as to how their due process rights were violated by a ruling on the fully briefed Second Motion to Strike. Due process requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Tr. Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950). Here, Defendants received actual notice of the adversary, and the Second Motion to Strike was properly served on Defendants. *See* [Dkt. Nos. 5 & 31, Ex. 1]; Fed. R. Bankr. P. 7004(b). A hearing on that Second Motion to Strike was held on December 15, 2020, a hearing that Defendants attended and participated in. At the requests of the Defendants to respond to the Second Motion to Strike, a scheduling order was entered. At that same hearing, the Court specifically informed Defendants that a response to the Second Motion to Strike was required. However, Defendants failed to file a response. Rather, Defendants filed, without leave, Second Amended Answers. Because Defendants did not request, and were not provided leave, these amended answers were not allowed. *See* Fed. R. Civ. P. 15(a)(2) (requiring opposing party's written consent or court's leave for certain amendments). Therefore, upon the Defendants' default to respond to the UST's Second Motion to Strike, it was proper for the Court to grant the UST's unopposed motion.

Unlike what Defendants assert, due process does not require that the Court only enter judgment or rule on a motion in open court. *Cf. In re Rimsat, Ltd.*, 212 F.3d 1039, 1046 (7th Cir. 2000) (holding that a hearing is not "invariably required before sanctions are imposed"). There is no requirement in the Federal Rules that the party against whom default judgment is being entered be present when doing so. Due process only requires notice and an opportunity to be heard. *See Espinosa*, 559 U.S. at 272. Here, Defendants were given both. As such, their due process rights were more than satisfied.

Nor do Defendants explain how any other ending to this case was possible after the Defendants' answers were stricken. With no answers on file and no leave to file amended answers forthcoming, default and default judgment was the only possible ending. A party who has been notified of a motion and fails to respond has been afforded a full and fair opportunity to litigate. The failure of the Defendants to avail themselves of that opportunity does not justify Rule 60(b)(4)

relief. *See Espinosa*, 559 U.S. at 275 ("Rule 60(b)(4) does not provide a license for litigants to sleep on their rights.").

4. <u>Rule 60(b)(6) – Any Other Reason that Justifies Relief</u>

Rule 60(b)(6), the catchall provision, permits the reopening of a judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). A movant seeking Rule 60(b)(6) relief must show "extraordinary circumstances" justifying the reopening of a final judgment. *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005).

Defendants have not made any argument or showing under this subsection. Accordingly, this argument is also waived. *Elst*, 579 at 747. This is a simple case of perpetual carelessness, and inexcusable negligence is not an exceptional circumstance justifying relief under Rule 60(b)(6).

## CONCLUSION

For the foregoing reasons, Defendants' Second Motions to Vacate will be **DENIED** by separate order entered concurrently herewith.

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

Dated this 13 day of April 2021